UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

MICHAEL GARRISON, ALVIN JOHNSON, and
PAULA WILSON,

                                      Plaintiffs,

            -against-

THE CITY OF NEW YORK; P.O. PAULA AGUERO,
Shield # 25456; DET. MICHAEL CALLOWAY,
Shield # 04574; and U/C Shield # 5986;
the individual defendant(s) sued
individually and in their official
capacities,

                                    Defendants.

---------------------------------------- X

**COMPLAINT**

11-cv-4366-DAB

ECF Case

Jury Trial Demanded

**PRELIMINARY STATEMENT**

      1.    This is a civil rights action in which the
plaintiffs seek relief for the violation of plaintiffs' rights
secured by 42 U.S.C. § 1983; and the Fourth, Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution.
Plaintiffs' claims arise from an incident that arose on or about
April 24, 2009.  During the incident, the City of New York, and
members of the New York City Police Department ("NYPD")
subjected plaintiffs to, among other things, excessive force,
false arrest, unlawful search and seizure, fabricated evidence,
denial of a fair trial, and implementation and continuation of
an unlawful municipal policy, practice, and custom.  Plaintiffs

seek compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.    Plaintiff Michael Garrison is a resident of the State of New York, New York County.

6.    Plaintiff Alvin Johnson is a resident of the State of New York, New York County.

7.    Plaintiff Paula Wilson is a resident of the State of New York, New York County.

8.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

9.    Defendant Police Officer Paula Aguero is a New York City Police Officer, employed with the "Narcotics Boro Manhattan North", assigned Shield # 25456, located in New York County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

10.    Defendant Detective Michael Calloway is a New York City Police Officer, employed with the "Narcotics Boro Manhattan North", assigned Shield # 04574, located in New York County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

11.    Defendant "5985 or 5986" U/C is a New York City Police Officer, employed with the "Narcotics Boro Manhattan North", assigned Shield # 5986, located in New York County, New York or other as yet unknown NYPD assignment, who violated plaintiffs' rights as described herein.

12.    The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

13.    On April 24, 2009, at and in the vicinity of 135th Street and 7th Avenue, New York, New York, and the 30th Precinct,

3

New York, New York, several police officers operating from the Narcotics Boro Manhattan North, located in New York County, New York, including upon information and belief, defendants P.O. Aguera, Det. Calloway, and U/C Shield # 5986, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiffs.

14.    On April 24, 2009, at approximately 5:30 p.m., at and in the vicinity of 135th Street and 7th Avenue, New York, New York, defendants P.O. Aguera, Det. Calloway, and U/C Shield # 5986, without either consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime unlawfully arrested the plaintiffs.

15.    On the date of the incident, Michael Garrison was 57 years old.

16.    On the date of the incident, Alvin Johnson was 47 years old.

17.    On the date of the incident, Paula Wilson was 59 years old.

18.    Alvin Johnson, Michael Garrison and Paula Wilson are siblings.

4

19.    On the date of the incident, the plaintiffs had intended on attending a funeral/wake in New York, New York, when they lawfully arrested.

20.    Before the plaintiffs' arrest, Alvin Johnson left work at the United States Postal Service, jogged at the River Bank State Park, and then picked up his brother and sister in his car in Harlem, New York.

21.    Alvin Johnson's car was a 1993 Toyota Camry.

22.    On the date of the incident, the car was properly registered and inspected.

23.    On the date of the incident, Alvin Johnson's driver's license was valid.

24.    With his siblings Michael and Paula in his car, Alvin Johnson proceeded to drive to his home located at 127th Street, New York, New York, to change for the funeral.

25.    While he was driving, a van suddenly pulled next to the car.

26.    A male black inside the van, dressed in regular clothes was staring at the plaintiffs and talking.

27.    The van was an unmarked New York City police vehicle.

28.    The male black was a plain clothed New York City police officer.

5

29.    Neither the male black police officer nor the other occupants in the van displayed police shields or insignia to the plaintiffs.

30.    At this point, the plaintiffs did not know the black male was a police officer or that the van was a police vehicle.

31.    The individual defendants deliberately cut off Alvin's car with their van.

32.    To avoid an accident with the van, Alvin stopped his car.

33.    Another vehicle also stopped behind Alvin's car.

34.    The male black police officer jumped out of the van and started shouting expletives at the plaintiffs and demanded to know: what they were doing.

35.    Alvin tried to ask the man who he was.

36.    However, the male black police officer suddenly drew a firearm at the plaintiffs, but he lost hold of the firearm, and it fell to the ground.

37.    Fearing for his and his siblings lives, Alvin drove to a New York City Police precinct located in the vicinity of 135th Street between 7th and 8th Avenues, New York, New York.

38.    At the precinct, Alvin stopped his car.

6

39.    Thereafter, the male black police officer left the van with his firearm drawn.

40.    In addition, two women in New York City Police uniforms approached the plaintiffs with their firearms drawn.

41.    This was the first time during the incident the individual defendants identified themselves as police officers.

42.    The plaintiffs tried to explain to the individual defendants that they did not know that they were police officers, had a funeral to attend, and had committed no crime.

43.    Nevertheless, the defendants falsely accused the plaintiffs of fleeing from accident with them.

44.    The individual defendants' caused any alleged accident by their reckless and unlawful and conduct.

45.    Once the defendants confronted the plaintiffs, they were not free to disregard the defendants' questions, walk way or leave the scene.

46.    Thereafter, the individual defendants, including upon information and belief, defendants P.O. Aguera, Det. Calloway, and U/C Shield # 5986, maliciously, gratuitously, and unnecessarily committed excessive force against the plaintiffs as described below.

47.    As to Alvin Johnson and Michael Garrison, the individual defendants violently grabbed them, wrenched and

twisted their arms behind their backs, placed excessively tight handcuffs on plaintiffs' wrists, and forced them to the ground. Those defendants who did not touch them, witnessed these acts, but failed to intervene and protect the plaintiffs from this conduct.

48.    As to Paula Wilson, the individual defendants violently pulled her from the car and held arms behind her backs.  Those defendants who did not touch her, witnessed these acts, but failed to intervene and protect the plaintiff from this conduct.

49.    The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against the plaintiffs, since plaintiffs were unarmed, compliant, and did not resist arrest.

50.    Plaintiffs suffered pain and physically injury as a result of the excessive use of force.

51.    The defendants separated Alvin and Michael from Paula, who was held in a police car.

52.    The defendants searched Alvin Johnson's car.

53.    No contraband, controlled substances or weapons were recovered the car.

54.    While Alvin and Michael were on the ground, the same male black police officer asked them: if them if they had ever been arrested for drugs.

55.    When Michael responded: no, the male black police officer stated sarcastically: well why not.

56.    Unknown to the officer, Michael had been a substance abuse counselor for many years.

57.    The individual defendants then searched Alvin and Michael, making them remove their shoes and socks while on the street.

58.    No contraband, controlled substances or weapons were recovered from them, or Paula Wilson.

59.    The individual defendants had a discussion among themselves, and released Michael and Paula, but continued on with the arrest of Alvin, and also seized Alvin's car.

60.    One individual defendant officer offered to drive Michael and Paula home or to the funeral, but they declined the offer.

61.    The individual defendants processed Alvin's arrest at the 30th Precinct.

62.    In order to cover up that their was no basis for the plaintiffs' arrest, the individual defendants, including P.O. Aguera, Det. Calloway, and U/C Shield # 5986, pursuant to a

conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff Alvin Johnson had committed various crimes, including violations of N.Y.S. P.L. § 195.05 01, and VTL §§ 1212 and 600(1)(a).

63.   Specifically, U/C Shield # 5986 falsely claimed that the U/C observed individuals exchanging small objects for money in a drug prone location and then entered the car that Alvin Johnson was driving.

64.   U/C Shield # 5986 also falsely stated that the U/C observed Detective Michael Calloway exit his vehicle and say: Stop, police, don't move.

65.   U/C Shield # 5986 also falsely stated Alvin Johnson's car suddenly reversed and hit the U/C's vehicle, causing scuffing to the driver's side door, and then leave the scene, evading the defendant's vehicles and driving erratically.

66.   U/C Shield # 5986 also falsely stated that Alvin Johnson apologized for what he did.

67.   The defendants made these false allegations, despite the fact that they found no evidence of a crime.

68.   The New York County District Attorney's Office decided to prosecute plaintiff Alvin Johnson under Case # 2009NY03399.

69.    Later that evening, Michael Garrison picked up Alvin's car with a friend.

70.    Alvin Johnson was released on or about April 25, 2009.

71.    The criminal prosecution against Alvin Johnson ended on or about February 23, 2011 in an adjournment in contemplation of dismissal.

72.    The individual defendants acted in concert committing the above-described illegal acts toward the plaintiffs.

73.    The plaintiffs did not resist arrest at any time during the above-described incident.

74.    The plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

75.    The individual defendants did not observe the plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

76.    At no time prior to, during or after the above-described incident were the individual defendants provided with information, or in receipt of a credible or an objectively

11

reasonable complaint from a third person, that the plaintiffs
had violated any law, regulation, or administrative code;
committed any criminal act; or acted in a suspicious or unlawful
manner prior to or during the above-described incident.

77.    The individual defendants acted under pretense
and color of state law and their individual and official
capacities and within the scope of their employment.  Said acts
by said defendants were beyond the scope of their jurisdiction,
without authority or law, and in abuse of their powers, and said
defendants acted willfully, knowingly, and with the specific
intent to deprive plaintiffs of their rights.

78.    As a direct and proximate result of the
defendants' actions the plaintiffs experienced personal and
physical injuries, pain and suffering, fear, an invasion of
privacy, psychological pain, emotional distress, mental anguish,
embarrassment, humiliation, and financial loss.

79.    The plaintiffs are entitled to receive punitive
damages from the individual defendants because the individual
defendants' actions were motivated by extreme recklessness and
indifference to the plaintiffs' rights.

## FIRST CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE)

80.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

81.    The individual defendants falsely arrested the plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that the plaintiffs (or any third person) had committed a crime.

82.    Accordingly, the defendants are liable to plaintiffs for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (EXCESSIVE FORCE)

83.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

84.    The individual defendants' use of force upon the plaintiffs, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused the plaintiffs pain and injury.

85.    Accordingly, the defendants are liable to the plaintiffs for using unreasonable and excessive force, pursuant

13

to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### THIRD CLAIM

#### (FAILURE TO SUPERVISE)

86.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

87.   The supervisor defendants are liable to the plaintiffs because they supervised the subordinate individual defendants concerning above-mentioned unlawful acts against the plaintiffs, and approved their unlawful actions.

### FOURTH CLAIM

#### (FABRICATED EVIDENCE)

88.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

89.   The individual defendants are liable to plaintiff Alvin Johnson because they intentionally conspired to fabricate evidence against him, depriving the plaintiff of liberty without due process of law.

90.   In addition, the individual defendants used and presented the fabricated evidence to prosecute the plaintiff.

91.   Further, the individual defendants were on notice that creating fabricated evidence is a clear violation of law because it well established that police officer who knowingly

14

use false evidence to obtain a conviction act
unconstitutionally.

92.    Furthermore, the individual defendants violated
the law by making false statements of fact in a certification
for determination of probable cause and/or a conviction, because
they performed a function of a complaining witness.

## FIFTH CLAIM

### (DENAIL OF A FAIR TRIAL)

93.    Plaintiffs repeat and reallege all the foregoing
paragraphs as if the same were fully set forth at length herein.

94.    The individual defendants are liable to plaintiff
Alvin Johnson because they intentionally created false
information likely to influence a fact finder's or jury's
decision and forwarded that information to prosecutors, a grand
jury, and/or court, and presented that information to a jury,
thereby violating plaintiff's constitutional right to a fair
trial, and the harm occasioned by such an unconscionable action
is redressable in an action for damages under 42 U.S.C. § 1983.

## SIXTH CLAIM

### (FEDERAL MONELL CLAIM)

95.    Plaintiffs repeat and reallege all the foregoing
paragraphs as if the same were fully set forth at length herein.

15

96.   Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

97.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

98.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

99.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop and/or arrest innocent individuals, based on pretexts, in order to meet productivity goals, in minority and low-income neighborhoods.

16

100.   In addition, the following are municipal policies, practices and customs: (a) arresting innocent individuals, based on a pretext; (b) using excessive force against individuals; and (c) fabricating evidence against individuals.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants: (a) Compensatory damages in an amount to be determined by a jury; (b) Punitive damages in an amount to be determined by a jury; (c) Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and (d) Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
          June 27, 2011

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiffs*
350 Fifth Avenue, Suite 4810
New York, New York 10118

26 Court Street, Suite 1815
Brooklyn, New York 11232
(212) 643-2900
mhueston@nyc.rr.com
By:

__s/_____
MICHAEL O. HUESTON